[Civ. No. 3488.   Third Appellate District.—April 6, 1928.]

THE FIRST NATIONAL BANK OF ORLAND (a Corporation), Petitioner, v. E. S. BALL, as Treasurer, etc., Respondent.

George R. Freeman for Petitioner.

R. M. Rankin and Duard F. Geis for Respondent.

PLUMMER, J.—This is an original application by the petitioner praying that a writ of mandate be directed to E. S. Ball as the Treasurer of the county of Glenn to pay a certain purported warrant drawn upon the county treas-

urer of the county of Glenn, by J. W. Monroe, the auditor of said county.

The amended petition filed herein sets forth the following: The corporate existence of the plaintiff; the official character of the defendant; the fact of Monroe being the duly elected, qualified and acting auditor of the county. The petition then 'recites: "That on July 18, 1927, the Board of Supervisors of the County of Glenn duly made its order and appropriation in the words and figures following, that is to say: 'Ordered that the sum of $2000.00 be, and is appropriated from the advertising and exhibit fund and allowed to the Glenn County Live Stock·and Agricultural Association towards the maintenance of the annual Glenn County Fair, thereby inducing immigration to the County, and the auditor is directed to issue a warrant on said fund in favor of the Secretary of said Association covering said allowance.' The petition then alleges that in pursuance of said order, the auditor of said County proceeded to draw two warrants in the words and figures following, to-wit:

"State of California, County of Glenn   No. 704
Auditor's Office, Glenn County, Calif.   August 9, 1927
The County Treasurer of Glenn County   $1000.00
will pay to Glenn County Agricultural
Assn. or order the sum of One Thousand and no/100 dollars for donation to Glenn County Fair accrued August 9, 1927, allowed August 9, 1927, and charge to Advertising and Exhibit.

(Signed) J. W. Monroe, Auditor
By Marion Banning."

"State of California, County of Glenn   No. 1152.
Auditor's Office, Glenn County, Calif.   August 17, 1927
The County Treasurer, of Glenn County   $1000.00
will pay to Glenn Co. Agricultural Assn.
or order the sum of one thousand dollars for donation to Glenn County Fair, accrued August 17, 1927, allowed August 17, 1927, and charge to Advertising and Exhibit.

(Signed) J. W. Monroe, County Auditor."

The petition then alleges that after the issuance of said warrants they were duly assigned to the petitioner herein,

were presented for payment, and payment refused. Following these allegations the petition sets forth that on the seventh day of September, 1927, the board of supervisors of Glenn County levied a tax of one cent on each $100 of the assessed valuation of the property of said county, to be used for advertising purposes, etc., as provided in subdivision 33 of section 4041 of the Political Code, and that at the time of the presentation of said described warrants there was and is now in the hands of the respondent as treasurer of said county, to the credit of the advertising fund of said county, the sum of $1,544.60, and that there will be available in said fund before the end of the present fiscal year the sum of $2,300. The prayer of the petition is that a mandate issue from this court directing the treasurer to forthwith pay the warrant dated August 9, 1927, and numbered 704.

Upon the return date named by this court in its order to show cause the respondent herein filed a demurrer to said petition setting forth the following grounds: That said petition fails to state facts sufficient to warrant a writ of mandate; that the board of supervisors of said county of Glenn, on July 18, 1927, had no power or authority under the laws of this state to make the order and appropriation alleged in said petition; that the said appropriation purports to be and constitutes a donation or gift of the funds of the county of Glenn raised by taxation, and is prohibited by the express provisions of section 31 of article IV of the constitution of the state of California. That it does not appear from said petition what amount a tax levy of one cent on each $100 of assessed valuation of all property within said county would produce; nor does it appear that the said sum of $2,000, attempted to be appropriated as alleged, does not exceed seventy per cent of the auditor's estimate of revenue for the fiscal year of 1927–28, that will accrue to the advertising and exhibit fund of said county of Glenn. That it does not appear from said petition that any warrant was issued in favor of the secretary of Glenn County Live Stock and Agricultural Association pursuant to the alleged appropriation. That it does not appear that any claims were filed against said county pursuant to the provisions of sections 4075 and 4076 of the Political Code. That it cannot be ascertained from said petition that said donation or appro-

priation was in consideration of any services rendered to the county of Glenn by the Glenn County Live Stock and Agricultural Association. Other grounds of demurrer were also set forth, but not being of vital importance, are not herein stated. Subject to the demurrer the respondent also filed an answer. The cause was then argued and submitted for the court to first determine the merits of the demurrer, and in the event the demurrer should be overruled, to take up and consider the facts and the law as presented by the petition and answer and the accompanying proofs.

Before taking up and considering the questions presented by the respondent's demurrer we may here state that the act approved May 9, 1927 (Stats. 1927, p. 621), amending section 4056-b of the Political Code, did not become effective until some days after July 19, 1927, the day upon which the board of supervisors of the county of Glenn purported to make the appropriation as set forth in the petition. Hence, whether any of the provisions contained in said amendatory act would authorize the appropriation of money as attempted herein, or whether said act or any portion of the amendment to section 4056-b of the Political Code is violative of section 31 of article IV of the constitution is not before us for consideration.

At the time of the passage of the resolution by the board of supervisors of the county of Glenn subdivision 33 of section 4041 of the Political Code constituted the only authority for any act on the part of the board of supervisors relative to the levying of a tax to raise money for advertising, exploiting and making known the resources of the county of Glenn, as attempted by the resolution herein set forth. Subdivision 33 of section 4041 of the Political Code then read as follows:

"To levy a special tax not to exceed two cents on the one hundred dollars of the assessed valuation of all property within the county, to be used for advertising, exploiting and making known the resources of the county for the purpose of inducing immigration thereto and increasing the trade and commerce of said county, or for the purpose of exhibiting or advertising the agricultural, mineral or other resources of the county; and provided, however, that if said rate of two cents will not raise five thousand dollars in any one year the boards of supervisors may appropriate from the

general fund of the county an amount sufficient to make up the deficiency existing between the amount raised as the result of the two cent levy and five thousand dollars; and provided, further, that such tax shall be in addition to any tax which may now or hereafter be authorized to be levied for the purpose of creating a fund to be used for collecting, preparing and maintaining an exhibition in any domestic or foreign exposition; and provided, further, that nothing herein contained shall prevent any county from creating a bonded indebtedness under the provisions of section four thousand eighty-eight of the Political Code of California, for the purpose of obtaining funds with which to build, construct or furnish an exposition building or buildings for exhibiting and advertising its resources.''

■ There is nothing in this section which authorizes the board of supervisors to make any appropriation or any donation to finance or assist in financing any county fair conducted by a private association or by an association of private individuals. The subdivision set forth herein does authorize the county to levy a tax to be used for advertising, exploiting, and making known the resources of the county. In other words, it authorizes the board of supervisors to perform such services either by itself or by its agents, duly appointed, or with whom it has contracted for such purposes. However, it does not authorize the board of supervisors, in the event that some private association or association of individuals may go to work and hold a fair, to make either an appropriation, donation or gift to such private association or association of individuals to aid in the financing or paying the expenses thereof after such fair has been held. To state that matter again in another form, the subdivision of the section referred to authorizes the board of supervisors, under its own management, direction and control, to expend certain funds of the county, raised in a certain manner, for the particular purposes mentioned. There is nothing in the subdivision of the section set forth authorizing boards of supervisors to delegate their powers or to assist or aid private persons to have taken upon themselves the conduct of a county fair or other advertising efforts. Subdivision 6 of section 4041 of the Political Code authorizes the board of supervisors of counties to acquire

and maintain buildings in which to hold expositions, etc., but there is nothing in that section authorizing the board of supervisors to delegate such powers.

In the case of *Stowe* v. *Maxey*, 84 Cal. App. 532 [258 Pac. 717], this court had occasion to go extensively into the subject of delegation of powers by boards of supervisors, and we need only to refer to that case as authority to the point that power vested in a board of supervisors to perform certain acts cannot be delegated.

Upon the face of the petition the order of the board of supervisors and the warrants drawn by the auditor appear to be a donation or a gift from the funds of the county to the Glenn County Livestock and Agricultural Association. This, of course, is not authorized by subdivision 33 of section 4041 of the Political Code, and, if authorized, would contravene section 31 of article IV of the state constitution. Directing our attention more specifically to the petition we find that there is no allegation contained therein and nothing from which it can be inferred that the board of supervisors of Glenn County ever contracted with anyone for the collection or exhibit of agricultural or other resources of the county for the purposes of making or to make an exhibit thereof for the purposes of advertising such resources or for any purpose whatsoever. The petition does not show that the board of supervisors ever took any action whatever employing, authorizing or contracting with anyone to make such an exhibit. Whether such an exhibit was ever made does not appear from the petition. There being no showing that the board of supervisors of Glenn County ever took any action toward making such an exhibit or contracting with anyone for such an exhibit, it follows that the petition fails to show that the county of Glenn ever became obligated to pay any individual or association of individuals for such service. No claim appears to have been presented showing the performance of such service, and so far as the petition is concerned there was no foundation laid for the appropriation of any money from the advertising fund and no foundation laid for the issuing of the warrants set forth in the petition. Upon oral argument it was suggested that donations and appropriations had been made by the supervisors of Glenn County for many years

as set forth in the petition. We do not very well see how the want of legislative authority can thus be supplied or a constitutional section amended by long-continued violations. It may be further added that the petition does not show that the requirements of section 4071 of the Political Code as to the aggregate of allowances which may be made against any fund prior to the first day of January of any fiscal year had been complied with.

Without going more specifically into the various objections urged by respondent it is sufficient to say that what we have set forth shows that the petition does not state facts sufficient to constitute a cause of action, and that the respondent's demurrer must be sustained. As counsel for petitioner requested permission to amend in the event that respondent's demurrer should be sustained, and not being advised as to whether the defects in the petition herein pointed out may be cured, time will be given for the filing of an amended petition if the petitioner is so advised.

It is therefore ordered that the demurrer interposed to the petition herein be sustained with leave to the petitioner to file an amended petition, if so advised, within thirty days after the filing of this opinion, and if such amended petition be not filed, then and in that event the prayer of the petition for a writ of mandate stands as denied.

Buck, J., *pro tem.*, and Hart, Acting P. J., concurred.